No. 772

LANG v. LEONARD

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1583. Decided May 4, 1927.

**First Publication of this Opinion.**

891. PARTNERSHIP—297. **Contracts—Where written contract between partners provides method of adjusting partnership affairs; but same is an executory contract, defendant cannot insist thereon, he not having laid the foundation for performance of said executory contract.**

Appeal from Common Pleas.
Judgment modified.

Charles A. Swenger, for Lang.

Eberly & Eberly, Columbus, for Leonard.

BY THE COURT.

This is an action for an accounting of the affairs of a partnership composed of plaintiff and defendant. Special Master Commissioner, Paul L. Selby, heard the evidence and found in favor of plaintiff. The amount due plaintiff was found to be $1645.37, and in addition, $100.00 upon equipment.

Exceptions to the Master's findings were heard by the Franklin Common Pleas, and that court eliminated the $100 for equipment rental; but confirmed the finding of the master in all other respects. An appeal was taken by defendant to this court.

The objection of defendant relates first to the effect of the written contract dissolving the partnership and second, as to the costs. The

contract, providing for a method of adjusting the partnership affairs, was not given effect or followed in the report of the Master Commissioner, who justified his position by the statement that the written contract was executed under a mistake of fact and that the terms were not binding. Defendant insists that the contract be followed literally, especially as to the sale and disposition of the equipment. The written contract was executory and defendant himself did not lay the foundation, at least prior to the bringing of the action, for the performance of said executory contract.

So far as the sale of the equipment is concerned, defendant made no effort to tender the equipment to plaintiff or otherwise perform the contract in that respect. It was the clear duty of the defendant, if he desired to avail himself of that provision of the contract, to make the tender of the equipment to the plaintiff.

There is no valid reason why defendant should not pay the reasonable value of rental of equipment, which the court below found to be $100, and the report of the Special Master Commissioner should be confirmed and approved in toto. Division of costs between the parties approved; but costs of this appeal assessed against defendant.

(Ferneding, Kunkle and Allread, JJ., concur.)